UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAMES A. ORWICK, ) | Case No. 3:09CV232 |
| ) | |
| Petitioner, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| v. ) | Magistrate Judge George J. Limbert |
| ) | |
| WANZA JACKSON, Warden, ) | |
| ) | |
| Respondent. ) | **Report and Recommendation** |
| ) | **of Magistrate Judge** |
| ) | |
| ) | |

Petitioner James Orwick ("Petitioner") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF Dkt. #1. Petitioner seeks relief for alleged constitutional violations that occurred during his Hancock County, Ohio Court of Common Pleas conviction for Gross Sexual Imposition and two counts of Rape. ECF Dkt. #1. On June 1, 2009, Respondent Bennie Kelley ("Respondent") filed an answer. ECF Dkt. #6. On August 3, 2009, Petitioner filed a traverse. ECF Dkt. #9.

The case was referred to the undersigned for a Report and Recommendation. For the following reasons, the undersigned RECOMMENDS that the Court DISMISS the petition in its entirety with prejudice:

**I.  SYNOPSIS OF THE FACTS**

The Third District Court of Appeals of Ohio set forth the facts of this case on direct appeal. These binding factual findings "shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. §2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 119 S.Ct. 2403 (1999). As set forth by the Third District Court of Appeals, the facts are:

> {¶ 2} Orwick and his wife, Lisa, married in 1987. Both Orwick and Lisa had been married previously, and both had children from their prior marriages. Lisa had two

> daughters, Mendi and Mandi, and a son from her previous marriage. Orwick had one son, Greg. In addition, Orwick and Lisa had two more children born of issue to their marriage, Chad and Charlene.
>
> {¶ 3} In October of 2001, Lisa contacted the Hancock County Sheriff's department about possible sex abuse of her children. Prior to contacting the sheriff's department, Lisa had been told by her and Orwick's daughter, Charlene, that Orwick had tried to touch her inappropriately. Following Charlene's allegations, Lisa spoke with her daughter Mandi, who also admitted that Orwick had touched her inappropriately. Finally, Lisa spoke with her oldest daughter Mendi, who told Lisa that Orwick had sexually abused her for over five years.

ECF Dkt. #6, Ex. 58; *State v. Orwick*, Case No. 5-04-42, 2005 WL 2064871 at ¶¶ 2-3 (Ohio App. 3 Dist., Aug. 29, 2005), unreported.

## II.     PROCEDURAL HISTORY

### A.     State Trial Court Indictment

On November 20, 2001, the Hancock County, Ohio prosecuting attorney filed an indictment charging Petitioner with twenty-nine counts, including: one count of Gross Sexual Imposition; thirteen counts of Rape, five with sexually violent predator specifications; and fifteen counts of Sexual Battery, five with sexually violent predator specifications.  ECF Dkt. #6, Ex. 1.  On April 3, 2002, the prosecuting attorney filed a motion to dismiss the sexually violent predator specifications contained in the indictment.  ECF Dkt. #6, Ex. 2.

### B.     State Trial Court Discovery Ruling and Subsequent Interlocutory Appeal

On July 29, 2002, the prosecuting attorney filed a motion for the trial court to conduct an in camera inspection of records from treatment at Orchard Hall at Blanchard Valley Regional Health Center on belief that the records contained admissions that Petitioner committed the crimes charged. ECF Dkt. #6, Ex. 3.  On July 21, 2002, the trial court ordered only one document, a report from Dan King date March 8, 2002, to be produced.  ECF Dkt. #6, Ex. 4.

On August 29, 2002, Petitioner filed a motion for the trial court to reconsider its ruling.  ECF Dkt. #6, Ex. 22.  The state filed a memorandum in opposition to the motion.  ECF Dkt. #6, Ex. 23.

On August 28, 2002, Petitioner filed a notice of appeal from the trial court's ruling compelling production of King's report.  ECF Dkt. #6, Ex. 5.  The state filed a cross appeal from the trial court's ruling denying production of the remainder of Petitioner's treatment records.  ECF Dkt. #6, Ex. 6.

On October 16, 2002, Petitioner filed a brief on the merits raising the following assignment of error:

1. THE COURT ERRED IN ORDERING THE RELEASE OF A PRIVILEGED COMMUNICATION BETWEEN A LICENSED INDEPENDENT SOCIAL WORKER AND HIS CLIENT.

ECF Dkt. #6, Ex. 7. On November 5, 2002, the state filed an answer setting forth the following assignment of error:

1. THE TRIAL COURT ERRED IN ORDERING THE RELEASE OF ONLY ONE DOCUMENT RATHER THAN ALL THE DOCUMENTS CREATED AND UTILIZED IN ALL THE COUNSELING SESSIONS BY THE INDEPENDENT SOCIAL WORKERS AND THEIR CLIENT.

ECF Dkt. #6, Ex. 8. Non-party Dan King also filed an answer brief providing support for Petitioner's position. ECF Dkt. #6, Ex. 9. Petitioner filed an answer brief in response to the state's brief. ECF Dkt. #6, Ex. 10. On May 27, 2003, the Third District Court of Appeals denied both Petitioner's appeal and the state's cross-appeal and affirmed the trial court's judgment. ECF Dkt. #6, Ex. 11.

On July 11, 2003, Petitioner filed a notice of appeal to the Supreme Court of Ohio. ECF Dkt. #6, Ex. 12. Petitioner filed a memorandum in support of jurisdiction raising the following propositions of law:

1. Ohio Revised Code Section 2317.02(G)(1)(a), the clear and present danger subpart of the testimonial privilege statute, is unconstitutional as applied to the Appellant.

2. The trial court's application of the testimonial privilege exception was an abuse of discretion that would rise to the level of plain error.

3. A right to privacy exists concerning the physician-patient privilege under the auspices of *Ferguson v. City of Charleston* (2001), 532 U.S. 67, thus overruling *State v. Webb* (1994), 70 Ohio St.3d 325.

4. Once a testimonial privilege exception is found to exist under the clear and present danger provision, the waiver of confidentiality is limited.

ECF Dkt. #1, Ex. 13. On August 11, 2003, the state filed a brief opposing jurisdiction. ECF Dkt. #6, Ex. 14. On October 8, 2003, the Supreme Court of Ohio declined jurisdiction. ECF Dkt. #6, Ex. 15.

On August 30, 2002, while Petitioner's interlocutory appeal was pending, Dan King, Blanchard Valley Regional Health Center, and treating staff filed a notice of appeal to the Third District Court of Appeals from the trial court's judgment compelling production of King's report. ECF Dkt. #6, Ex. 16.  The state filed a notice of cross-appeal.  ECF Dkt. #6, Ex. 17.  On November 1, 2002, King filed a brief on the merits raising the following assignments of error:

1. The trial court erred in ordering a licensed social worker to disclose privileged communications between himself and his client in accordance with R.C. 2301.02(G)(1)(a) to the Hancock County Prosecutor. (Judgment Entry, dated July 21, 2002)

   A. R.C. 2317.02(G)(1)(a) which provides privileged communications between a licensed social worker and his client to be disclosed if the communication indicates clear and present danger, which is statutorily defined to include "cases in which there are indications of present or past child abuse or neglect to the client", is unconstitutional as being void for vagueness

2. The trial court erred in its interpretation and application of R.C. 2317.02(G)(1)(a) by ordering the disclosure of privileged communication between a licensed social worker and client.

ECF Dkt. #6, Ex. 18.  On November 21, 2002, the state filed an answer brief setting forth the following assignment of error:

1. THE TRIAL COURT ERRED IN ORDERING THE RELEASE OF ONLY ONE DOCUMENT RATHER THAN ALL THE DOCUMENTS CREATED AND UTILIZED IN ALL THE COUNSELING SESSIONS BY THE INDEPENDENT SOCIAL WORKERS AND THEIR CLIENT.

ECF Dkt. #6, Ex. 19.  On December 11, 2002, King filed a reply and answer brief.  ECF Dkt. #6, Ex. 20.  On May 27, 2003, the Third District Court of Appeals affirmed the trial court's judgment. ECF Dkt. #6, Ex. 21.

### C. Trial Court Conviction

Following the interlocutory appeals, the case proceeded to a jury trial.  ECF Dkt. #6, Ex. 24-52.  The jury found Petitioner guilty of counts 1 (Gross Sexual Imposition), 2 (Rape), and 3 (Rape), and not guilty of counts 4-29.  *Id*.

On October 7, 2004, the trial judge sentenced Petitioner to eighteen months of imprisonment for Count 1, eight years of imprisonment for Count 2, and eight years of imprisonment for Count

3, with all three terms to be served consecutively.  ECF Dkt. #6, Ex. 53.  The judge also found Petitioner to be a sexual predator.  *Id*. at 2.

### D. Direct Appeal

On October 29, 2004, Petitioner filed a notice of appeal from the Hancock County Court of Common Pleas conviction.  ECF Dkt. #6, Ex. 54.  On January 21, 2005, Petitioner filed a brief in support of his direct appeal, raising the following assignments of error:

1. THE TRIAL COURT ERRED WHEN IT IMPOSED CONSECUTIVE PRISON TERMS ON DEFENDANT-APPELLANT SINCE, BECAUSE IT FOUND THAT DEFENDANT-APPELLANT WAS NOT LIKELY TO COMMIT FUTURE CRIMES PER R.C. 2912(E), ITS RULING CONTRAVENED A REQUISITE PROVISION OF R.C. 2929.14(E)(4) THAT AN OFFENDER MAY BE SENTENED [sic] TO CONSECUTIVE TERMS IF SUCH "SENTENCES ARE NOT DISPROPORTIONATE…TO THE DANGER [HE] POSES TO THE PUBLIC."

2. THE TRIAL COURT ERRED WHEN IT IMPOSED NON-MINIMUM SENTENCES, CONSECUTIVE SENTENCES, AND A SEXUAL PREDATOR CLASSIFICATION ON DEFENDANT-APPELLANT THAT WERE BASED ON FACTS NOT FOUND BY THE JURY OR ADMITTED BY HIM IN CONTRAVENTION OF *BLAKELY v. WASHINGTON*, THEREBY BREACHING HIS SIXTH AMENDMENT RIGHT TO TRIAL BY JURY.

3. THE TRIAL COURT ERRED IN USING AT DEFENDANT-APPELLANT'S TRIAL A TRANSCRIPT OF A RECORDED TELEPHONE CONVERSATION THAT WAS NOT PREPARED BY AN OBJECTIVE THIRD PARTY, THAT WAS NOT PROVIDED HIS COUNSEL PRIOR TO TRIAL, AND THAT WAS MADE AVAILABLE TO THE JURY DURING ITS DELIBERATIONS.

4. THE TRIAL COURT ERRED IN PROHIBITING DEFENDANT-APPELLANT FROM INQUIRING INTO THE ISSUE OF WHETHER HIS STEPDAUGHTERS, WIFE, AND FORMER SPOUSE HAD AN STD SUCH AS HUMAN PAPILLON VIRUS (HPV) INASMUCH AS R.C. 2907.02(D) PERMITS EVIDENCE OF DISEASE ADMISSIBLE WHERE IT IS PROBATIVE AND NOT INFLAMMATORY.

5. APPELLANT WAS PREJUDICIALLY DEPRIVED OF HIS RIGHT TO DUE PROCESS, A FAIR TRIAL, AND EFFECTIVE ASSISTANCE OF LEGAL COUNSEL AS GUARANTEED WITHIN THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE I, SECTION 10 OF THE OHO CONSTITUTION, AND R.C. 2953.20 BY HIS COUNSEL'S FAILURE TO INTRODUCE EXCULPATORY EVIDENCE AT TRIAL WHICH CONSTITUTED A SUBSTANTIAL VIOLATION OF ONE OF DEFENSE COUNSEL'S ESSENTIAL DUTIES TO HIS CLIENT.

6. THE TRIAL COURT ERRED WHEN IT DENIED THE APPELLANT'S MOTION FOR MISTRIAL AFTER A LEAD PROSECUTION WITNESS

        TESTIFIED AS TO THE POLYGRAPH TESTING OF THE ALLEGED VICTIMS.

7. THE TRIAL COURT ERRED NOT ONLY WHEN IT PERMITTED A LICENSED SOCIAL WORKER'S REPORT CONCERNING A CONFIDENTIAL COMMUNICATION BY HIS CLIENT, THE DEFENDANT-APPELLANT, TO BE USED AT TRIAL, BUT ALSO WHEN IT ADMITTED INTO EVIDENCE THE TESTIMONY OF THE SOCIAL WORKER WHO HAD AUTHORED THE NOTE SUBSEQUENT TO THE SESSION, SINCE NEITHER THE CLIENT'S REPORTED COMMUNICATION NOR ANY COUNSELOR'S ADVICE WITHIN THAT REPORT SUFFICIENTLY SHOWS A FACTUAL BASIS ADEQUATE TO SUPPORT A GOOD FAITH BELIEF THAT EITHER THE COMMUNICATION OR THE ADVICE INDICATED A CLEAR AND PRESENT DANGER THAT WOULD CONSTITUTE AN EXCEPTION ALLOWED UNDER THE TERMS OF R.C. 2317.02(G)(1)(A).

ECF Dkt. #6, Ex. 55. On March 7, 2005, the state filed a brief on the merits. ECF Dkt. #6, Ex. 56. On April 4, 2005, Petitioner filed a reply brief. ECF Dkt. #6, Ex. 57. On August 30, 2005, the Third District Court of Appeals affirmed the trial court's judgment. ECF Dkt. #6, Ex. 58.

On October 12, 2005, Petitioner filed a notice of appeal to the Supreme Court of Ohio. ECF Dkt. #6, Ex. 59. Petitioner filed a memorandum in support of jurisdiction raising the following propositions of law:

1. THE DIVISIONS IN R.C. 2929.14 THAT PROVIDE FOR THE IMPOSITION BY A SENTENCING COURT ON AN OFFENDER OF A NON-MINIMUM TERM OF IMPRISONMENT (*ID.* [B]) AND OF CONSECUTIVE SERVICE OF MULTIPLE PRISON TERMS (ID. [E][4]) ON THE BASIS OF FACTS NOT FOUND BY A JURY OR ADMITTED BY A DEFENDANT CONTRAVENES THE HOLDING IN *BLAKELY V. WASHINGTON* (2004), 542 U.S. 296 THAT AN INCREASED SENTENCE BASED UPON A JUDGE'S FACTUAL FINDINGS IS IN VIOLATION OF THE RIGHT TO TRIAL BY JURY GUARANTEED BY THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

2. SENTENCING AN OFFENDER WHO HAS BEEN FOUND, PER R.C. 2929.12(E), NOT LIKELY TO COMMIT FUTURE CRIMES TO SERVE MULTIPLE PRISON TERMS CONSECUTIVELY CONTRAVENES A REQUISITE PROVISION OF 2929.14(E)(4) THAT SUCH SENTENCES "NOT BE DISPROPORTIONATE…TO THE DANGER THE OFFENDER POSES TO THE PUBLIC."

3. A LICENSED SOCIAL WORKER'S REPORT CONCERNING A CONFIDENTIAL COMMUNICATION BY THE COUNSELOR'S CLIENT MUST SUFFICIENTLY SHOW A FACTUAL BASIS ADEQUATE TO SUPPORT A GOOD FAITH BELIEF THAT THE COMMUNICATION INDICATES A CLEAR AND PRESENT DANGER CONSTITUTING AN EXCEPTION UNDER R.C. 2317.02(G)(10(A) BEFORE AS WELL AS WHILE CONDUCTING AN IN CAMERA REVIEW TO DETERMINE WHETHER THE EXCEPTION ACTUALLY APPLIES TO THE

>   PRIVILEGED COMMUNICATION WHOSE DISCOVERY WOULD PERMIT ITS USE AT TRIAL.
>
> 4. THE USE OF A TRANSCRIPT OF A TAPE RECORDING BY A JURY WHILE IT IS DELIBERATING AGAINST A DEFENDANT AFTER THE CLOSE OF EACH SIDE'S CASE AND BEFORE REACHING A VERDICT IS PREJUDICIAL ERROR.
>
> 5. FAILURE TO PROVIDE A DEFENDANT WITH ALREADY PREPARED TAPES AND TRANSCRIPTS TO BE PRESENTED AT THE STATE'S EVIDENCE UNTIL THE VERY DAY THEY ARE INTRODUCED AT TRIAL RUNS AFOUL OF THE CONSTITUTIONAL GUARANTEES, PER THE DUE PROCESS AND EQUAL PROTECTION CLAUSES OF THE FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, OF THE RIGHT TO DISCOVERY UNDER *BRADY V. MARYLAND* (1963), 737 U.S. 83.

ECF Dkt. #6, Ex. 60. On November 14, 2005, the state filed a memorandum opposing jurisdiction. ECF Dkt. #6, Ex. 61. On May 3, 2006, the Supreme Court of Ohio reversed the trial court's sentencing entry and remanded the case for resentencing pursuant to *State v. Foster*, 845 N.E.2d 470 (Ohio 2006). ECF Dkt. #6, Ex. 62.

### E. Resentencing

On October 5, 2006 the trial court resentenced Petitioner and imposed the same sentence that it had imposed previously. ECF Dkt. #6, Ex. 63. The court then issued a nunc pro tunc order correcting the assessment of credit for time served, but this order did not affect the total sentence Petitioner received. ECF Dkt. #6, Ex. 64.

On November 13, 2006, Petitioner filed a notice of appeal to the Third District Court of Appeals. ECF Dkt. #6, Ex. 65. Petitioner filed a brief on the merits raising the following assignment of error:

> 1. THE JUDICIALLY CREATED FELONY SENTENCING STATUTES PURSUANT TO *STATE V. FOSTER* VIOLATE THE DUE PROCESS CLAUSE.

ECF Dkt. #6, Ex. 66. The state filed a brief in opposition. ECF Dkt. #6, Ex. 67. Petitioner filed a reply. ECF Dkt. #6, Ex. 68. On September 5, 2007, the Third District Ohio Court of Appeals affirmed the sentence imposed by the trial court. ECF Dkt. #6, Ex. 69.

On October 22, 2007, Petitioner filed a notice of appeal to the Supreme Court of Ohio. ECF Dkt. #6, Ex. 70. Petitioner filed a memorandum in support of jurisdiction raising the following

proposition of law:

> 1. CONTRARY TO *CUNNINGHAM V. CALIFORNIA* (2007), ___ U.S. ___, 127 S. CT. 856, 207 U.S. LEXIS 1324, *UNITED STATE V. BOOKER* (2005), 543 U.S. 220, 125 S. CT. 738, *BLAKELY V. WASHINGTON* (2004), 542 U.S. 296, 124 S. CT. 2531 AND *APPRENDI V. NEW JERSEY* (2000), 530 U.S. 466, 120 S. CT. 2348 THE JUDICIALLY CREATED FELONY SENTENCING STATUTES PURSUANT TO *STATE V. FOSTER* VIOLATE THE DUE PROCESS CLAUSE.

ECF Dkt. #6, Ex. 71. The state filed a memorandum opposing jurisdiction. ECF Dkt. #6, Ex. 72. On February 25, 2008, the Supreme Court of Ohio denied leave to appeal. ECF Dkt. #6, Ex. 73.

### F. 28 U.S.C. § 2254 Petition

On February 2, 2009, Petitioner filed the instant petition for a writ of habeas corpus. ECF Dkt. #1. Petitioner raised the following grounds for relief:

> **GROUND ONE:** The state trial court violated Mr. Orwick's right to a trial by jury and in sentencing him in violation of the Ex Post Facto law in violation of his right to due process and a trial by jury under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution by imposing non-minimum consecutive sentences. In addition, the state court's decision denying relief is contrary to, or an unreasonable application of clearly established federal law, or is based on an unreasonable determination of, the facts in light of the evidence presented in the state court proceeding.
>
> **GROUND TWO:** The state trial court erred in using at Petitioner's trial a transcript of a recorded telephone conversation that was not prepared by an objective third party, that was not provided his counsel prior to trial, and that was made available to the jury during its deliberations in violation of his right to due process and a fair and reliable trial under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution. In addition, the state court's decision denying relief is contrary to, or an unreasonable application of clearly established federal law, or is based on an unreasonable determination of, the facts in light of the evidence presented in the state court proceeding.
>
> **GROUND THREE:** The trial court erred in prohibiting Defendant-appellant from inquiring into the Issue of whether his stepdaughter, wife, and former spouse had a STD such as human Papillon virus (HPV), inasmuch as R.C. 2907.02(d) permits evidence of disease admissible where it is probative and not inflammatory, in violation of his right to due process and a fair and reliable trial under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution. In addition, the state court's decision denying relief is contrary to, or an unreasonable application of clearly established federal law, or is based on an

                              unreasonable determination of, the facts in light of the evidence presented in the state court proceeding..

**GROUND FOUR:**    Petitioner was prejudicially deprived of his right to due process, a fair and reliable trial, and effective assistance of legal counsel as guaranteed within the Fifth, Sixth and Fourteenth Amendments to the United States Constitution, by his counsel's failure to introduce exculpatory evidence at trial which constituted a substantial violation of one of defense counsel's essential duties to his client. In addition, the state court's decision denying relief is contrary to, or an unreasonable application of clearly established federal law, or is based on an unreasonable determination of, the facts in light of the evidence presented in the state court proceeding.

**GROUND FIVE:**    The state trial court erred when it denied Petitioner's motion for a mistrial after a lead prosecution witness testified as to the polygraph testing of the alleged victims, in violation of his right to due process and a fair and reliable trial under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution. In addition, the state court's decision denying relief is contrary to or an unreasonable application of clearly established federal law, or is based on an unreasonable determination of, the facts in light of the evidence presented in the state court proceeding.

**GROUND SIX:**    The trial court erred not only when it permitted a licensed social worker's report concerning a confidential communication by his client, the Petitioner, to be used at trial, but also when it admitted into evidence the testimony of the social worker who had authored the note subsequent to the session, since neither Petitioner's reported communication nor any counselor's advice within that report sufficiently show a factual basis adequate to support a good faith belief that either the communication or the advice indicated a clear and present danger that would constitute an exception allowed under the terms of R.C. 2917.02(g)(1)(a), in violation of his right to due process and a fair and reliable trial under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution. In addition, the state court's decision denying relief is contrary to, or an unreasonable application of clearly established federal law, or is based on an unreasonable determination of, the facts in light of the evidence presented in the state court proceeding.

ECF Dkt. #1. On June 1, 2009, Respondent filed a return of writ. ECF Dkt. #6. On August 3, 2009, Petitioner filed a traverse. ECF Dkt. #9. In his traverse, Petitioner withdrew Grounds Two through Six, electing to proceed only on Ground One. *Id*. 2.

## III.    PROCEDURAL BARRIERS TO REVIEW

       A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a federal writ of habeas corpus. As Justice O'Connor noted in *Daniels v. United*

*States*, "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." 532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).

Further, the Supreme Court has held that it would be in the interests of the parties and the courts for the merits of a petition to be addressed forthwith if it is clear that the applicant does not even raise a colorable federal claim. *Granberry v. Greer*, 481 U.S. 129, 135 (1987); *Prather v. Rees*, 822 F.2d 1418, 1421-22 (6th Cir. 1987) (lack of exhaustion was properly excused where petition was plainly meritless, the state had not addressed exhaustion, and disposition of the case would not offend federal-state comity).

Respondent does not assert that any procedural bars apply to Ground One. *See* ECF Dkt. #6. Therefore, it is unnecessary to discuss the law pertaining to procedural bars in further detail.

### IV. STANDARD OF REVIEW

If Petitioner's claims overcome the procedural barriers of time limitation, exhaustion and procedural default, AEDPA governs this Court's review of the instant case because Petitioner filed his petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 on February 26, 2007, well after the act's effective date of April 26, 1996. *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998). Under Section 2254, a state prisoner is entitled to relief if he is held in custody in violation of the United States Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(d).

The AEDPA sets forth the standard of review for the merits of a petition for the writ of habeas corpus. The AEDPA provides:

>    (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
>    (1) resulted in a decision that was *contrary to*, or involved an *unreasonable application of*, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>    (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (emphasis added). In *Williams v. Taylor*, the Supreme Court clarified the language of 28 U.S.C. § 2254(d) and stated:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). Furthermore, the Supreme Court declared that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* Elaborating on the term "objectively unreasonable," the Court stated that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.*; *see also Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001).

The Sixth Circuit Court of Appeals offers the following guidelines for applying the AEDPA limitations:

A. Decisions of lower federal courts may not be considered.

B. Only the holdings of the Supreme Court, rather than its dicta, may be considered.

C. The state court decision may be overturned only if:

1. It '[applies] a rule that contradicts the governing law set forth in [Supreme Court of the United States] cases,' [the Supreme Court precedent must exist at the time of petitioner's direct appeal] or;

2. the state-court decision 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent;' or

3. 'the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case;' or

-11-

>    4. the state court 'either unreasonably extends a legal principle from [a Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'
>
> D. Throughout this analysis the federal court may not merely apply its own views of what the law should be. Rather, to be overturned, a state court's application of Supreme Court of the United States precedent must also be objectively unreasonable. That is to say, that 'a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.' 'An unreasonable application of federal law is different from an incorrect or erroneous application of federal law.'
>
> E. Findings of fact of the state courts are presumed to be correct. 'The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.'

*Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001) (internal citations omitted).

Finally, a reviewing federal court is bound by the presumption of correctness, under which the federal court is obligated to "accept a state court's interpretation of the state's statutes and rules of practice." *Hutchinson v. Marshall*, 744 F.2d 44, 46 (6th Cir. 1984), *cert. denied*, 469 U.S. 1221 (1985); *see also Duffel v. Dutton*, 785 F.2d 131, 133 (6th Cir. 1986). The presumption of correctness is set forth in 28 U.S.C. § 2254(e), which provides:

> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

28 U.S.C. § 2254(e). The presumption of correctness applies to basic primary facts, and not to mixed questions of law and fact. *Levine v. Torvik*, 986 F.2d 1506, 1514 (6th Cir. 1993), *cert. denied,* 509 U.S. 907 (1993). The presumption also applies to "implicit findings of fact, logically deduced because of the trial court's ability to adjudge the witnesses' demeanor and credibility." *McQueen v. Scroggy*, 99 F.3d 1302, 1310 (6th Cir. 1996), *cert. denied*, 520 U.S. 1257 (1997). Furthermore, a reviewing federal court is not free to ignore the pronouncement of a state appellate court on matters of law. *See Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 676, n.4 (6th Cir. 2000). Petitioner has the burden of rebutting the presumption of correctness by

clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## V. ANALYSIS

Petitioner alleges that the trial court was required to make mandatory, statutory findings before it imposed non-minimum consecutive prison terms on Petitioner and he further alleges that the court's application of the remedy articulated by the Ohio Supreme Court in *Foster* to Petitioner's case contravenes the Ex Post Facto Clause and Due Process Clauses of the federal constitution. ECF Dkt. #9 at 4.

### A. Pertinent Law

Prior to Petitioner's initial sentencing, the U.S. Supreme Court decided *Apprendi* and held that, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. *Apprendi*, 530 U.S. at 490. While Petitioner's case was pending on direct appeal to Ohio's Ninth District Court of Appeals, the U.S. Supreme Court decided *Blakely* and held that the statutory maximum for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant, and not the maximum sentence a judge may impose after finding additional facts. *Blakely*, 542 U.S. at 303.

At the time Petitioner was convicted, the Ohio Revised Code allowed for a sentence of three to ten years for felonies of the first degree (Counts 2 and 3 in this case), and six to eighteen months for felonies of the fourth degree (Count 1 in this case). O.R.C. §§ 2929.14(A)(1), (A)(4). However, the Revised Code further provided that:

> (B) Except as provided in division (C), (D)(1), (D)(2), (D)(3), or (G) of this section, in section 2907.02 of the Revised Code, or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
>
> > (1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.

> (2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.

O.R.C. § 2929.14(B) (West 2004). On February 27, 2006, the Supreme Court of Ohio consolidated four criminal cases in an opinion styled *State v. Foster* and held, *inter alia*, that R.C. § 2929.14(B) was unconstitutional because it "require[d] judicial fact-finding before imposition of a sentence greater than the maximum term authorized by a jury verdict or admission of the defendant." *Foster*, 845 N.E.2d at 495. The Supreme Court of Ohio went on to remedy the error by severing the unconstitutional mandatory judicial factfinding provisions:

> [R]eferences to mandatory judicial fact-finding properly may be eliminated in the four areas of concern. Without the mandatory judicial fact-finding, there is nothing to suggest a "presumptive term." To explain Ohio's "statutory maximum" for purposes of Apprendi and its progeny, the maximum prison term authorized by the jury verdict or the facts admitted by a defendant upon acceptance of a plea is the top of the sentencing range for the crime of which the defendant is convicted. For example, if the offender is convicted of a first-degree felony, the "statutory maximum" is ten years under R.C. 2929.14(A)(1).

*Id*. at 497.

### B. Application of law to Petitioner's case

The undersigned recommends that the Court reject Petitioner's arguments. Insofar as Petitioner contends that he is entitled to relief because the trial court was improperly required to make factual findings before imposing a sentence, his claim lacks merit because he was resentenced under a sentencing statute that did not mandate judicial factfinding. He has already received relief vitiating the initial constitutional violation pertaining to his right to a trial by jury. The next issue is whether the Ohio courts violated Petitioner's other constitutional rights as protected by the Due Process Clause when the courts severed unconstitutional portions of the statute in *Foster* and applied that statute on remand in Petitioner's case.

Petitioner contends violations of both the Ex Post Facto Clause and the Due Process Clause of the federal constitution resulting from the retroactive application of post-*Foster* sentencing statutes to his case on remand. *See* ECF Dkt. #9 at 7 ("the Ohio Supreme Court's remedy violates the Ex

Post Facto and Due Process Clauses of the United States Constitution."). To the extent Petitioner's claim implicates the Ex Post Facto Clause, it lacks merit because the Supreme Court of Ohio is not a legislature bound by the Ex Post Facto Clause. The Ex Post Facto Clause is contained in Article I of the federal constitution, which pertains to legislative powers. And the United States Supreme Court made clear in *Rogers v. Tennessee*, 532 U.S. 451, 456 (2001), "As the text of the [Ex Post Facto] Clause makes clear, it is a limitation upon the powers of the Legislature, and does not of its own force apply to the Judicial Branch of government. . . We have observed, however, that limitations on ex post facto judicial decisionmaking are inherent in the notion of due process." The Honorable Donald C. Nugent of this Court has likewise held that a petitioner cannot state a claim under the Ex Post Facto *Clause* for the Ohio Supreme Court's retroactive application of a judicially modified statute because the Ohio court is not a legislature. *See Ross v. Kelley*, No. 5:08CV2889, (N.D. Ohio Oct. 5, 2009) (ECF Dkt. #10, Limbert, M.J. R&R at 42-44 "that if a law is improperly made retroactive by a court, a Petitioner's remedy, if he has one, lies in the Due Process Clause, not the Ex Post Facto Clause. . . *Rogers* makes clear that the pertinent question for determining whether a petitioner has a valid Ex Post Facto Clause claim is which branch of government committed the alleged constitutional violation. Here, Petitioner alleges that the judicial branch violated his constitutional rights; therefore his claim under the Ex Post Facto Clause lacks merit. . .The fact that the *Foster* court may have acted akin to the legislature does not make the Supreme Court of Ohio a legislature. It remains true that 'As the text of the [Ex Post Facto] Clause makes clear, it is a limitation upon the powers of the Legislature, and does not of its own force apply to the Judicial Branch of government.' " *Rogers*, 532 U.S. at 456.") (ECF Dkt. #12 Nugent, J., Adopting R&R.), unreported; *Kravochuck v. Shewalter*, No. 1:09CV199, (N.D. Ohio Oct. 5, 2009), unreported; *McGhee v. Konteh*, No. 1:07CV1408, 2008 WL 320763 (N.D.Ohio Jan. 25 2008), unreported. The Honorable Solomon Oliver, Jr. has held the same:[1] "the trial court's use of the sentencing statute re-shaped by *Foster* in sentencing Woody did not violate due process or the Ex Post Facto Clause of the Constitution." *Woody v. Welch*, No. 3:08CV2534, 2009 WL 1440828 at *10 (N.D. Ohio, May

---

[1] Of note, Petitioner's counsel was counsel of record in *Woody*.

20, 2009), unreported.

Additionally, Petitioner did not present an Ex Post Facto Clause claim in the initial petition; he only raised the issue in his traverse. In the initial petition, Petitioner states that his claim is based upon a purported "violation of the Ex Post Facto law in violation of his right to due process and a trial by jury under the Fifth, Sixth, and Fourteenth Amendments to the Unites States Constitution. . ."; however the Ex Post Facto Clause, as it pertains to the states, is contained in Article I, Section 10 of the Constitution. By not presenting this claim until his traverse rather than the initial petition, Petitioner has prevented Respondent from addressing the merits, he has presented Respondent from addressing procedural default on the claim,[2] and he has added a claim that could now be time-barred because it was not presented on February 2, 2009 with the initial petition. Since Petitioner's Ex Post Facto Clause claim lacks merit and was not properly presented, the undersigned recommends that the Court dismiss Ground One of the instant petition to the extent that it asserts a violation of the Ex Post Facto Clause.

To the extent Petitioner claims that the Ohio courts violated his Due Process rights by retroactively applying the post-*Foster* sentencing statute to his case to impose more than minimum sentences, the undersigned recommends that the Court find that his claim lacks merit. Both Judge Nugent and Judge Oliver of this Court have rejected similar claims in other cases, holding that no constitutional violation arose with the retroactive application of the post-*Foster* sentencing statute on remand to a petitioner who was improperly sentenced under the pre-*Foster* statute. *See Ross*, No. 5:08CV2889; *Kravochuck*, No. 1:09CV199; *McGhee*, No. 1:07CV1408, 2008 WL 320763; *Woody*, 2009 WL 1440828 at *10 ("A number of federal defendants have alleged that the federal sentencing statutes reshaped by *Booker* violate due process because they subject defendants to ex post facto laws. Those challenges have been universally rejected. . . Woody makes no argument that distinguishes in any relevant respect Ohio's revised sentencing statutes from the revised federal sentencing statutes upheld by the appellate courts.") (internal citations omitted).

---

[2] On direct appeal from the judgment on resentencing, Petitioner only argued that his sentence violated the Due Process Clause. ECF Dkt. #6, Exs. 66, 71.

Lastly, Petitioner claims that the Ohio courts violated his Due Process rights by imposing consecutive sentences based upon judicial fact finding. Recently, the United States Supreme Court decided *Oregon v. Ice*, 129 S.Ct. 711 ( 2009), and held that "In light of this history, legislative reforms regarding the imposition of multiple sentences do not implicate the core concerns that prompted our decision in *Apprendi*." *Ice*, 129 at 717. Applying this precedent Judge Nugent has held that imposing consecutive sentences for discrete crimes does not violate the Due Process Clause of the federal constitution. *Ross*, No. 5:08CV2889 (ECF Dkt. #10, R&R at 39-42, *adopted*, ECF Dkt. #12); *Kravochuck*, No. 1:09CV199 (ECF Dkt. #9, R&R at 17-19, *adopted*, ECF Dkt. #11). Accordingly, the undersigned recommends that the Court dismiss Ground One insofar as it claims Petitioner's constitutional rights were violated by the imposition of consecutive sentences.

## VI.  CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that the Court DISMISS the instant petition in its entirety with prejudice.

DATE: October 9, 2009         *s/ George J. Limbert*
                              GEORGE J. LIMBERT
                              UNITED STATES MAGISTRATE JUDGE

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).