**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES A. ORWICK | ) | CASE NO.3:09CV0232 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| WANZA JACKSON, Warden | ) | MEMORANDUM OF OPINION |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J:**

　　This matter comes before the Court on Petitioner James A. Orwick's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF #1). For the following reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation and dismisses Petitioner's Petition.

## FACTS

　　The following is a factual synopsis of Petitioner's claims. The Magistrate Judge's Report and Recommendation adopted and incorporated, provides a more complete and detailed discussion of the facts. On November 20, 2001, in Hancock County, Ohio Petitioner was indicted on twenty-nine counts, including: one count of Gross Sexual Imposition; thirteen counts of Rape, five with Sexually Violent Predator specifications; and fifteen counts of Sexual Battery, five with Sexually Violent Predator specifications. On April

3, 2002, the prosecuting attorney filed a Motion to Dismiss the Sexually Violent Predator specifications contained in the indictment.

On July 29, 2002, the state filed a Motion to Conduct an In-camera Inspection of records from Petitioner's treatment, on the belief that the records contained admissions that Petitioner committed the crimes charged. On July 31, 2002, the trial court ordered the production of only one document, a report dated March 8, 2002. On August 28, 2002, Petitioner filed a Notice of Appeal from the trial court's ruling compelling production of the March 8, 2002 report. The state filed a Cross Appeal from the trial court's ruling denying production of the remainder of Petitioner's treatment records. On May 27, 2003, the Third District Court of Appeals denied both Petitioner's appeal and the state's cross-appeal and affirmed the trial court's judgment.

On July 11, 2003, Petitioner filed a Notice of Appeal to the Supreme Court of Ohio. On October 8, 2003, the Supreme Court of Ohio declined jurisdiction. On August 30, 2002, while Petitioner's interlocutory appeal was pending, the health center and the treating staff that produced the records filed a Notice of Appeal to the Third District Court of Appeals from the trial court's judgment compelling production of the March 8, 2002 report. The state filed a Notice of Cross-Appeal. On May 27, 2003, the Third District Court of Appeals affirmed the trial court's judgment.

Following the interlocutory appeals, the case proceeded to a jury trial and the jury found Petitioner guilty of counts One (Gross Sexual Imposition), Two (Rape), and Three (Rape),and not guilty of the remaining counts. On October 7, 2004, the trial judge sentenced Petitioner to eighteen months of imprisonment for Count One, eight years of imprisonment for Count Two, and eight years of imprisonment for Count Three, with all three terms to be served consecutively. The judge also found Petitioner to be a Sexual Predator.

On October 29, 2004, Petitioner filed a Notice of Appeal from the Hancock County

Court of Common Pleas conviction. On August 30, 2005, the Third District Court of Appeals affirmed the trial court's judgment. On October 12, 2005, Petitioner filed a Notice of Appeal to the Supreme Court of Ohio. On May 3, 2006, the Supreme Court of Ohio reversed the trial court's sentencing entry and remanded the case for re-sentencing pursuant to *State v. Foster*, 845 N.E.2d 470 (Ohio 2006).

On October 5, 2006 the trial court re-sentenced Petitioner and imposed the same sentence that it had imposed previously, then issued a *nunc pro tunc* order correcting the assessment of credit for time served. This order did not affect the total sentence Petitioner received.

On November 13, 2006, Petitioner filed a Notice of Appeal to the Third District Court of Appeals. On September 5, 2007, the Third District Ohio Court of Appeals affirmed the sentence imposed by the trial court. On October 22, 2007, Petitioner filed a Notice of Appeal to the Supreme Court of Ohio. On February 25, 2008, the Supreme Court of Ohio denied leave to appeal.

On February 2, 2009, the Petitioner filed the instant Petition, in which he raised six grounds for relief. On August 3, 2009, Petitioner filed a Traverse and withdrew Grounds Two through Six, electing to proceed only on the following Ground One:

> **GROUND ONE**: The state trial court violated Mr. Orwick's right to a trial by jury and in sentencing him in violation of the Ex Post Facto law in violation of his right to due process and a trial by jury under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution by imposing non-minimum consecutive sentences. In addition, the state court's decision denying relief is contrary to, or an unreasonable application of clearly established federal law, or is based on an unreasonable determination of, the facts in light of the evidence presented in the state court proceeding.

On February 10, 2009, this Court referred Petitioner's Petition to the Magistrate Judge for a Report and Recommendation. The Magistrate Judge issued his Report and Recommendation on October 9, 2009. Petitioner filed his Objections to the Report and

3

Recommendation on October 16, 2009.

## **STANDARD OF REVIEW**

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary. *McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004). Finally, Rule 8(b)(4) of the Rules Governing §2254 states:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

## **ANALYSIS**

In his sole claim for relief, Petitioner alleges that the trial court was required to make mandatory, statutory findings before it imposed non-minimum consecutive prison terms on Petitioner. He further contends that the court's application of the remedy articulated by the Ohio Supreme Court in *Foster* to Petitioner's case contravenes the Ex Post Facto Clause and Due Process Clauses of the federal Constitution. In his Report

4

and Recommendation, the Magistrate Judge points out that at the time Petitioner was convicted, the Ohio Revised Code allowed for a sentence of three to ten years for felonies of the first degree (Counts 2 and 3 in this case), and six to eighteen months for felonies of the fourth degree (Count 1 in this case). O.R.C. § 2929.14(A)(1), (A)(4). However, the Revised Code further provided that:

> (B) Except as provided in division (C), (D)(1), (D)(2), (D)(3), or (G) of this section, in section 2907.02 of the Revised Code, or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
>
>> (1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term (2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.

On February 27, 2006, the Ohio Supreme Court held in *State v. Foster* that parts of Ohio's felony sentencing scheme were unconstitutional.  Those offending portions of the sentencing code were severed, but trial courts retained full discretion to impose sentences within the statutory range while no longer being required to make findings of fact, or to articulate reasons for imposing maximum or consecutive sentences.  *Foster*, *supra,* at 62-67.   Therefore, the Magistrate Judge determined that Petitioner's claim lacks merit because he was re-sentenced under a sentencing statute that did not mandate judicial fact-finding.  Petitioner's sentence remained the same after re-sentencing.

In his Petition, Petitioner alleges that the trial court was required to make

5

mandatory, statutory findings before it imposed non-minimum consecutive prison terms. In his Traverse, Petitioner contends that the Ohio Supreme Court's decision to sentence those Ohio defendants whose offenses occurred prior to *State v. Foster* is unconstitutional because the revised statutes' statutory maximum sentences are significantly higher than those that were in effect during the defendants' original sentencing hearings. As a result, he contends the Ohio Supreme Court's remedy violates the Ex Post Facto and Due Process Clauses of the United States Constitution.

In his Report and Recommendation, the Magistrate Judge determined Petitioner's claim lacks merit because the Supreme Court of Ohio is not a legislature bound by the Ex Post Facto Clause. The Ex Post Facto Clause is contained in Article I of the federal Constitution, which pertains to legislative powers. The United States Supreme Court made clear in *Rogers v. Tennessee*, 532 U.S. 451, 456 (2001) that, "As the text of the [Ex Post Facto] Clause makes clear, it is a limitation upon the powers of the Legislature, and does not of its own force apply to the Judicial Branch of government. . . We have observed, however, that limitations on ex post facto judicial decisionmaking are inherent in the notion of due process." Although Petitioner's claim of Ex Post Facto law violation was not properly presented in his original Petition but only presented in his Traverse, and would now be time-barred, this Court finds it is without merit.

In his well-reasoned Report and Recommendation, the Magistrate Judge points out that Ex Post Facto Clause challenges to *Foster* have been repeatedly denied by Ohio state courts. Additionally, Ex Post Facto challenges similar to that raised by Petitioner have also been rejected by judges in this district. *Watkins v. Williams*, Case No. 3:07CV1296 (N.D.Ohio June 17, 2008) (J. Adams), *Lyles v. Jeffreys*, Case No. 3:07CV1315 (N.D.Ohio April 24, 2008) (J. Oliver), *McGhee v. Konteh*, Case No. 1:07CV1408 (N.D.Ohio Feb. 1, 2008) (J.Nugent).

Petitioner also contends that the Ohio courts violated his Due Process rights by retroactively applying the post-*Foster* sentencing statute to his case to impose more than minimum sentences, and by imposing consecutive sentences based upon judicial fact finding. The Magistrate Judge correctly points out that both Judge Nugent and Judge Oliver of this Court have rejected similar claims in other cases, holding that no constitutional violation arose with the retroactive application of the post-*Foster* sentencing statute on remand to a petitioner who was improperly sentenced under the pre-*Foster* statute. *See Ross v. Kelley*, No. 5:08CV2889, (N.D. Ohio Oct. 5, 2009), *Kravochuck v. Shewalter*, No. 1:09CV199, (N.D. Ohio Oct. 5, 2009).

The Magistrate Judge also indicated that the United States Supreme Court recently decided *Oregon v. Ice*, 129 S.Ct. 711 ( 2009), and held that "In light of this history, legislative reforms regarding the imposition of multiple sentences do not implicate the core concerns that prompted our decision in *Apprendi*." *Ice*, 129 at 717. Therefore, the Court finds that imposing consecutive sentences does not violate the Due Process Clause of the federal Constitution. Petitioner has failed to show the state court's decision denying relief is contrary to, or an unreasonable application of clearly established federal law or based on an unreasonable determination of the facts presented in the state court. Petitioner's ground for relief is without merit and fails to prove a constitutional violation.

For the foregoing reasons, the Court finds the Magistrate Judge's Report and Recommendation accurately and thoroughly addresses Petitioner's arguments. The Court **ADOPTS** and **ACCEPTS** the Magistrate Judge's well reasoned Report and Recommendation and Petitioner's Petition Under 28 U.S.C. §2254 for Writ of habeas Corpus by a Person in State Custody is dismissed.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915 (a)(3). Since Petitioner has not made a substantial showing of a denial of

a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

    IT IS SO ORDERED.

Date:11/20/2009　　　　　　　　　　s/Christopher A. Boyko
　　　　　　　　　　　　　　　　　　CHRISTOPHER A. BOYKO
　　　　　　　　　　　　　　　　　　United States District Judge